No. 62.—PETER H. COFFEE, JOHN B. COFFEE and MARK WILCOX, plaintiffs in error *vs.* JAMES F. NEWSOM, executor of BATTS NEWSOM, deceased, defendant in error.

[1.] Securities on appeal, and securities to injunction bonds, being bound for the eventual condemnation money in the cause under the provisions of the statutes of this State, are necessary parties to a writ of error to the Supreme Court to reverse the judgment of the Court below.

[2.] The court will not permit evidence *aliunde* the record certified to this Court, to be received for the purpose of showing an appeal bond was given, and who the security was; but if the record is not complete, the party suggesting a diminution thereof, has his remedy under the xviiith rule of this Court.

Motion to dismiss writ of error. In the Supreme Court of the State of Georgia. Hawkinsville, June Term, 1847.

The counsel for the defendant having joined issue upon the assignment of errors, with a reservation of the right to make this motion when the case was called up for trial, they moved to dismiss the writ upon the following grounds—

First. Because it appeared from the record sent up from the Court below, and from the bill of exceptions, that the original actions at law enjoined by the bill, were both appealed on in due form of law by the plaintiffs in error, and that their security has not been made a party to the writ of error or to the bill of exceptions.

Second. Because it appeared that an injunction bond was given in said cause by the plaintiffs in error, with Seaborn M. Manning as security on said bond, and which was conditioned for the payment of the eventual condemnation money; and that said security has not been made a party to the bill of exceptions or writ of error.

This motion to dismiss the writ of error was argued by HARRIS & HANSELL, for the defendant, and by COLE & WHITFIELD for the plaintiffs.

*Per Curiam*—WARNER, J. delivering the opinion.

[1.] That the security on the appeal is a necessary party to the writ of error brought to reverse the judgment of the Court below, we have repeatedly determined, and so held in the case of Carey, assignee, &c. *vs.* Rice, Receiver, &c. during the present term, p. 408; but it does not appear from this record that any appeal bond was ever given, or that any person signed such appeal bond as security.

It is true it is stated in one portion of the record, that an appeal was entered; but whether the party gave security, or entered the appeal by making affidavit under the statute that he was unable to do so, the record does not inform us.

[2.] It is now proposed to introduce evidence *aliunde* the record certified and sent up to this Court by the clerk of the Court below, for the purpose of showing an appeal bond was given, and who was the security thereto. This cannot be done without violating the *reason* and *spirit* of the act organizing this Court, if not the letter of it. The 5th section of the act declares, "that the Supreme Court shall proceed at the first term (unless prevented by Providential cause,) to hear and determine, each, and every

cause which may be sent up from the Court below, *upon the record and bill of exceptions, on the grounds therein specified, and on no other grounds.*" To open the door for the introduction of evidence *aliunde* the record, would not only contravene the intention of the legislature, but would produce great delay and embarrassment in the decision of causes in this Court.

If the record is not complete, the party suggesting a diminution thereof, has his remedy under the provisions of the 18th rule of this Court.

The security on the injunction bond is a necessary party to the writ of error to reverse the judgment of the Court below. The security is bound for the eventual condemnation money in the cause, together with all future costs. *Prince,* 438. He is interested in the judgment which the court may render in the cause. *Tidd Practice,* 1053, 1054; 6 *Comyn Dig.* 443, *Title Pleader, letter B ;* 2 *Saund. R.* 101, *note by Serjeant Williams; Porter* vs. *Rummery,* 10 *Mass. R.* 74. In Porter *vs.* Rummery, the Court state the rule to be, that " Every person to be directly affected in his interests, or rights, by the judgment of a court of record, is entitled to be named or described in the suit, to have notice of it, and an opportunity of being heard and of defending his rights."

The security on the injunction bond, comes clearly within the principle of a security on the appeal, decided during the present term in the case of Carey, assignee, &c. *vs.* Rice, Receiver, &c. page 408.

After the judgment of the Court was pronounced, the counsel for the defendant in error, on the application of the plaintiff in error to amend his writ of error, withdrew his objections thereto, and the cause was heard on its merits.